NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS DELGADO, | : |
| Plaintiff, | : Civil Action No. 14-4237 (SRC) |
| v. | : OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Luis Delgado ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for supplemental security income and disability benefits, alleging disability beginning November 1, 2008. A hearing was held before ALJ Richard L. De Steno (the "ALJ") on November 20, 2012, and the ALJ issued an unfavorable decision on December 7, 2012, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of December 7, 2012, the ALJ found that, at step two, Plaintiff did not

have a severe impairment, within the meaning of the Act. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

In brief, Plaintiff argues on appeal that the ALJ erred when he ruled that, at step two of the evaluation process, although Plaintiff had a medically determinable impairment, this impairment was not severe. Plaintiff contends that the ALJ erred by applying the incorrect legal standard.

Plaintiff contends, correctly, that the ALJ's decision does not conform to Third Circuit law. The Third Circuit set forth the legal standard for the step two analysis in McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). The Third Circuit held that a court reviewing a step two finding of no disability should give close scrutiny to that decision. Id. at 357. This Court finds that the ALJ's determination does not withstand such scrutiny. The ALJ did not apply the correct legal standard at step two of the sequential evaluation process, nor is his decision supported by substantial evidence.

The decision of the ALJ does not conform to relevant Social Security Rulings and Third Circuit authority regarding the limited function of step two in the sequential evaluation process. SSRs "are binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1). The Commissioner issued SSR 96-3p to provide guidance to disability adjudicators in determining whether a medically determinable impairment is severe. Speaking specifically about assessing the claimant's symptoms, SSR 96-3p provides:

> If the adjudicator finds that [the individual's] symptoms cause a limitation or restriction having more than a minimal effect on an individual's ability to do basic work activities, the adjudicator must find that the impairment(s) is severe and proceed to the next step in the process even if the objective medical evidence would not in itself establish that the impairment(s) is severe. In addition, if, after completing development and considering all of the evidence, the adjudicator is

> unable to determine clearly the effect of an impairment(s) on the individual's ability to do basic work activities, the adjudicator must continue to follow the sequential evaluation process until a determination or decision about disability can be reached.

Furthermore, SSR 85-28 provides:

> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued. In such a circumstance, if the impairment does not meet or equal the severity level of the relevant medical listing, sequential evaluation requires that the adjudicator evaluate the individual's ability to do past work, or to do other work based on the consideration of age, education, and prior work experience.

The Third Circuit has interpreted such Rulings and their corresponding Regulations to hold that "[t]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims." Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). The Newell Court further emphasized:

> An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have "no more than a minimal effect on an individual's ability to work." SSR 85-28, 1985 SSR LEXIS 19 at *7-8, 1985 SSR LEXIS 19 at *6-7. Only those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits at step two. *See Bowen*, 482 U.S. at 158 (O'Connor, J., concurring). If the evidence presented by the claimant presents more than a "slight abnormality," the step-two requirement of "severe" is met, and the sequential evaluation process should continue. *See Smolen v. Chater*, 80 F.3d at 1290. Reasonable doubts on severity are to be resolved in favor of the claimant.

Newell, 347 F.3d at 546; accord McCrea, 370 F.3d at 360 ("The burden placed on an applicant at step two is not an exacting one. . . . Any doubt as to whether this showing has been made is to be resolved in favor of the applicant.") In McCrea, the Third Circuit reaffirmed the severity standard announced in Newell and added that, in light of the low threshold for severity, findings

3

that an impairment is not severe "should be reviewed with close scrutiny" and are "certain to raise a judicial eyebrow."  McCrea, 370 F.3d at 357.

Here, this Court concludes that the evidence cited by the ALJ does not constitute substantial evidence to support his determination at step two. As described *supra*, the step two analysis entails two sub-steps.  At the first sub-step, the ALJ determined that the claimant had the medically determinable impairment of major depressive disorder.  At the second sub-step, the ALJ concluded that this medically determinable impairment did not significantly limit the ability to perform basic work activities for 12 consecutive months, and thus was not severe within the meaning of the regulations.

The ALJ's determination at the second sub-step is not supported by substantial evidence. The evidence to the contrary is extensive, but one example suffices here: the Commissioner's own psychological consultant, Dr. Brams, rated plaintiff as "moderately limited" on seven out of twenty dimensions of work-related mental activities.  (Tr. 418-419.)  As established above, Third Circuit law requires that any doubts as to whether the severity showing has been made should be resolved in favor of the applicant.  The ALJ erred in his application of this standard.  As the Commissioner's own expert found impairments that are more than minimal, any doubts the ALJ may have had as to severity at step two should have been resolved in favor of Plaintiff.

Having examined the ALJ's severity determination at the second sub-step of step two, in view of Third Circuit law specifying a *de minimis* severity standard, this Court does not find "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).  For these reasons, this Court vacates the ALJ's decision and remands this case for further proceedings that are in accord with Newell and

McCrea.

                                                                                s/ Stanley R. Chesler
                                                           STANLEY R. CHESLER, U.S.D.J.

Dated: September 9, 2015